# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITY OF FRESNO,** | 1:18-cv-00504-LJO-SAB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS** |
| v. | |
| **TOKIO MARINE SPECIALTY INSURANCE COMPANY.,** | (ECF Nos. 5, 6, 7, 9) |
| Defendant. | |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This action arises out of Defendant Tokio Marine Specialty Insurance Company's ("Tokio") allegedly improper decision to deny insurance coverage to Plaintiff City of Fresno ("Fresno") for claims asserted against Fresno in two underlying lawsuits pending in state court. On February 21, 2018, Fresno filed a complaint against Tokio for breach of contract (first cause of action) and tortious breach of the implied covenant of good faith and fair dealing (second cause of action) in the Superior Court of State of California, County of Fresno. ECF No. 1. On April 12, 2018, Tokio removed the state court action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). *Id.* On April 19, 2018, Tokio moved to dismiss the second cause of action and the request for punitive damages under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. On June 5, 2018, Fresno filed an opposition to the motion to dismiss and Tokio replied on June 12, 2018. ECF Nos. 7, 9. The matter was taken under submission on the papers pursuant to Local Rule 230(g). For reasons set forth below, Tokio's motion to dismiss is DENIED.

## III. FACTUAL BACKGROUND[1]

Fresno is an additional named insured under a Premises Environmental Liability Coverage policy, Policy No. PPK 1358223 (the "Policy"), issued by Tokio which was in effect at all material times relevant to the complaint. ECF No. 1, "Compl.," ¶ 4.[2] The Policy obliges Tokio to "pay for a loss that the insured becomes legally obligated to pay as a result of a claim for bodily injury or property damage arising out of contamination . . . ." *Id.* ¶ 5. The Policy defines "contaminant" as including any liquid irritant,

---

[1] The following facts are drawn from the complaint in this matter, and are accepted as true only for the purpose of this motion to dismiss. *See OSU Student All. v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012).
[2] The complaint is attached to the notice of removal as Exhibit A. ECF No. 1 at 8-15. References to the page numbers herein refer to the ECF-generated page number stamped at the top of the document.

including hazardous substances. *Id.* The Policy also imposes on Tokio a duty to defend. *Id.* Two lawsuits were filed in Fresno Superior Court asserting "contamination claims" against Fresno occurring during the time the Policy was in effect. *Id.* ¶ 6. These lawsuits are: *Micheli, et al. v. City of Fresno*, case number 16CECG023937, and *Flannery, et al. v. City of Fresno*, case number 17CECG01724. *Id.* The lawsuits allege that Fresno negligently operated its water treatment facility by replacing groundwater with surface water without appropriate treatment which caused Fresno's water supply to become highly corrosive, and causing property damage to Claimants' property, including to Claimants' plumbing in their homes. *Id.* ¶ 7. These lawsuits claim that "the surface water supplied to the Claimants [by Fresno] is alleged to have been inherently corrosive and includes toxic materials which have caused damages to the Claimants' water pipes." *Id.*

Fresno timely tendered its claim to Tokio under the Policy and "[w]ithout conducting any meaningful investigation," Tokio denied the tender of the claims and refused to provide coverage on March 13, 2017. *Id.* ¶¶ 8-9. Fresno requested reconsideration but nonetheless Tokio affirmed its decision on May 25, 2017. *Id.* Fresno alleges that Tokio refused to accept its tender despite knowing there was insufficient evidence to justify denial of coverage and that uncertainty existed concerning the nature and scope of the claims against Fresno which prevented Tokio from justifiably denying coverage to Fresno. *Id.* ¶ 10. Plaintiff further alleges that "Tokio's investigation of the facts and circumstances of the outstanding claims was insufficient, incomplete, and biased, performed with the deliberate design and intent to consider only those facts, or interpretation of said facts, in an attempt to justify its wrongful and improper denial of coverage." *Id.* ¶ 11. Fresno alleges that it has performed all its obligations under the Policy and that the improper denial of coverage has caused it damage, including incurring defense costs against the lawsuits that should have been covered by the Policy. *Id.* ¶¶ 10-14.

Tokio moves to dismiss Fresno's second cause of action for breach of the implied covenant of good faith and fair dealing and moved to dismiss the request for punitive damages under California Civil Code § 3294.

3

## IV. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal.,*

*Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

Plaintiff's complaint has two causes of action, one for breach of contract and one of breach of the implied covenant of good faith and fair dealing. Plaintiff also requests punitive damages under California Civil Code § 3294 as part of the second cause of action and the prayer for relief. Compl. ¶¶ 20-28. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss the second cause of action for breach of the implied covenant and the request for punitive damages contained in the complaint.[3]

### A. Breach Of The Implied Covenant Of Good Faith And Fair Dealing

Defendant argues that the complaint fails to plead sufficient facts to state a claim for breach of

---

[3] Defendant's motion to dismiss was accompanied by a declaration attaching two letters from Tokio to Fresno, each denying coverage for the two underlying lawsuits which are the basis of Fresno's coverage dispute. ECF No. 5-1. Defendant references these letters in its motion to quote the pertinent policy language contained therein which it states is appropriate since the Policy is referenced in the complaint. ECF No. 5 at 8-9, n.3 (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). Plaintiff did not question the authenticity of the attached documents. While the Court may consider the quoted Policy language in Defendant's motion to the extent the complaint relied on the Policy provisions, it does not otherwise consider the content of the letters as they go well beyond the pleadings and do not aid the Court in its determination on the pending motion to dismiss. *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

5

the implied covenant of good faith and fair dealing. Specifically, Defendant argues that the complaint alleges that Tokio wrongfully denied coverage but "fails to allege the factual basis for a claim that Tokio Marine's denial of coverage was unreasonable and without proper cause." ECF No. 5 at 13. Tokio points out that the complaint does not even state the purported basis for Tokio's denial of coverage much less allege a factual basis for the allegation that the denial was unreasonable. *Id.* at 15. Additionally, Tokio contends that no facts are alleged to support the conclusory allegation that Tokio failed to properly investigate the matter before denying coverage and the complaint does not explain how or why Tokio's investigation was insufficient or what investigation was even conducted. *Id.* Tokio contends "this matter is a simple coverage dispute" because the "Complaint does not allege *any* bad faith conduct or any conduct other than the denial of coverage." *Id.*

In opposition, Plaintiff argues that is has alleged sufficient facts to state a claim for the breach of covenant of good faith and fair dealing. ECF No. 7 at 7-9. Specifically, Plaintiff argues that it has alleged that Tokio conducted an incomplete, biased investigation in order to justify its decision to deny coverage and the failure to investigate breaches the implied covenant. *Id.* at 8-9 (citing Compl. ¶¶ 9, 11). Additionally, Plaintiff argues that any of the following allegations contained in the Complaint standing alone are sufficient to satisfy the pleading requirements: (1) Tokio acted unreasonably because it knew that there was insufficient evidence to justify denial and it acted with intent to injure Fresno; (2) Tokio's decision to deny coverage was made because of its own self-interest in saving money and avoiding responsibility which it knew it owed Fresno; and (3) Tokio denied coverage without regard to the true and complete provisions of the policy, relevant case, law and facts and unreasonably relied on the patently erroneous advice of counsel. ECF No. 7 at 8 (citing Compl. ¶¶10-11, 25, 26).

The covenant of good faith and fair dealing is implied in every contract including insurance policies. *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000), *as modified* (July 26, 2000). "[T]he covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the

6

agreement." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995), *as modified on denial of reh'g* (Oct. 26, 1995). "In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (applying California law); *Staefa Control-Sys. Inc. v. St. Paul Fire & Marine Ins. Co.*, 847 F. Supp. 1460, 1475 (N.D. Cal. 1994), *opinion amended on reconsideration*, 875 F. Supp. 656 (N.D. Cal. 1994). "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Guebara*, 237 F.3d at 992; *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990) ("The primary test [for liability for breach of the implied covenant of good faith and fair dealing] is whether the insurer withheld payment of an insured's claim unreasonably and in bad faith."). "Where benefits are withheld for proper cause, there is no breach of the implied covenant." *Love*, 221 Cal. App. 3d at 1151.

The question here is whether Plaintiff has sufficiently alleged facts for the Court to infer that Defendant withheld benefits under the Policy unreasonably or without proper cause.[4] The allegations of the breach of the contract itself do not in and of themselves amount to improper or unreasonable conduct required for the breach of the covenant of good faith. "A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself, and it has been held that [b]ad faith implies unfair dealing rather than mistaken judgment . . . ." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 345 (2001) (citations and quotations marks omitted), *as modified on denial of reh'g* (July 30, 2001). "The mere denial of benefits does not establish bad faith." *Align Tech., Inc. v. Fed. Ins. Co.*, 673 F. Supp. 2d 957, 965 (N.D. Cal. 2009) (citing *Cal. Shoppers v. Royal Globe Ins. Co.,* 175 Cal. App. 3d 1, 15 (1985)).

---

[4] Neither party disputes at this stage that Plaintiff has sufficiently pled a breach of contract claim, which accordingly satisfies the first requirement of pleading a breach of the covenant of good faith.

7

Here, the complaint alleges that the Policy covers property damage claims arising out of contamination and further provides that the underlying state court actions allege that, as a result of Fresno's conduct, which allowed toxic and corrosive materials into the water supply, Claimants' property was damaged. Compl. ¶¶ 5, 7. The Policy defines contaminant to include any liquid irritant, including hazardous substances. Hence, Plaintiff has sufficiently alleged a breach of contract. Plaintiff also asserts that denial of coverage was unreasonable, done in Tokio's self-interest to save money and to avoid its responsibility that it knew it owed, and done without regard to provisions of the policy or relevant case law or facts. Compl. ¶¶ 10-11, 25, 26. Taking these facts in the light most favorable to the Plaintiff, and given the alleged terms of the policy and the nature of the claims against Fresno, the Court can plausibly infer that the denial of coverage was unreasonable. Other courts have found similar allegations sufficient to state a claim for the breach of the covenant of good faith and fair dealing at the motion to dismiss stage. *See, e.g.*, *Tri-Union Seafoods, LLC v. Starr Surplus Lines Ins. Co.*, 88 F. Supp. 3d 1156, 1174-75 (S.D. Cal. 2015) (finding Plaintiff sufficiently alleged that Defendant withheld benefits unreasonably where complaint alleged that "Defendant 'assert[ed] unreasonable interpretations of the Policy with the intention of depriving [Plaintiff] of rights and benefits due to Plaintiff under the Policy'" and alleging that denying Plaintiff's claim was contrary to controlling law); *Align Tech., Inc.*, 673 F. Supp. 2d at 965 ("Align has also alleged that Federal acted unreasonably in denying coverage because it knew that the exclusions did not eliminate the potential for coverage, and that Federal acted with an intent to injure and harm Align. These allegations are sufficient to satisfy the pleading requirements of Rule 8(a)."); *Mortazavi v. Fed. Ins. Co.*, No. 13CV3141, 2014 WL 940328, at *4 (S.D. Cal. Mar. 11, 2014) (finding allegations sufficient to state a claim for breach of the covenant of good faith where "Plaintiff has alleged that Defendants declined to provide a defense to the Mortazavis in the Sive lawsuit; failed to adequately investigate the facts, circumstances, and allegations of the Sive lawsuit prior to determining their duty to

defend under the respective insurance contracts; and acted arbitrarily in declining to provide a defense.").[5]

Additionally, Fresno has also alleged that Tokio conducted an incomplete, biased investigation in order to justify its decision to deny coverage and the failure to investigate breaches the implied covenant as well. ECF No. 7 at at 8-9 (citing Compl. ¶¶ 9, 11). "While an insurance company has no obligation under the implied covenant of good faith and fair dealing to pay every claim its insured makes, the insurer cannot deny the claim 'without fully investigating the grounds for its denial.'" *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720-21 (2007) (quoting *Frommoethelydo v. Fire Ins. Exchange*, 42 Cal. 3d 208, 215 (1986)), *as modified* (Dec. 19, 2007). Other courts have also found that an allegation that Defendant did not properly investigate insured's claim before denial was sufficient to state a claim for the breach of the implied covenant of good faith at the motion to dismiss stage. *Tirakian v. New York Life Ins. Co.*, No. CV102930, 2011 WL 13214267, at *3 (C.D. Cal. May 13, 2011) (finding the allegation that Defendant "failed to adequately and reasonably investigate the claims submitted in January 2010"

---

[5] Notably, the cases cited by Defendant to support its argument for dismissal of this claim address summary judgment, except for *Redlands Country Club, Inc. v. Cont'l Cas. Co.*, 2011 U.S. Dist. LEXIS 155911 (C.D. Cal. Jan. 28, 2011), cited in Defendant's reply. ECF No. 5 at 15-16; ECF No. 9 at 5. The Court does not find the legal authority cited by Defendant persuasive at the motion to dismiss stage. Additionally, Defendant's motion references the genuine dispute doctrine and cites cases for the proposition that a genuine dispute as to coverage precludes a finding of bad faith in the context of a claim for a breach of the covenant of good faith and fair dealing. ECF No. 5 at 14-15. The genuine dispute doctrine provides that "a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, even if the court concludes the claim is payable under the policy terms, so long as there existed a genuine issue as to the insurer's liability." *Franceschi v. Am. Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir. 1988) (applying California law). Plaintiff argues that the doctrine does not apply where there has been a biased investigation. ECF No. 7 at 9. As Defendant's reply brief concedes, the genuine dispute doctrine applies to summary judgment motions, and Defendant states that it does not argue that the genuine dispute doctrine applies to its motion to dismiss. ECF No. 9 at 8, n.1; *see, e.g.*, *Ovitz v. Chartis Prop. Cas. Co.*, No. CV153916, 2015 WL 12746209, at *3 (C.D. Cal. Sept. 14, 2015) ("The Court notes that it is somewhat anomalous to consider the genuine dispute doctrine at this stage, as it is generally applied at summary judgment."); *Budway Enterprises, Inc. v. Fed. Ins. Co.*, No. EDCV 09-448, 2009 WL 1014899, at *7 (C.D. Cal. Apr. 14, 2009) ("Defendants may raise their genuine issue defense before the Court at a later stage of this litigation; at this juncture [on a motion to dismiss], the genuine issue doctrine does not bar Plaintiff's allegation."). The Court does not have evidence before it to make any determination as to whether a genuine dispute as to coverage exists at this point. This is a argument for another day.

9

was sufficient to allege wrongful conduct to support a breach of the covenant of good faith and denying dismissal of claim); *Budway Enterprises, Inc.*, 2009 WL 1014899, at *7 (denying motion to dismiss breach of implied covenant claim where Plaintiff alleged "Defendants did not conduct an investigation into its claim and, in bad faith, refused to pay Plaintiff's claim under Defendants' theory that the limit of $100,000 applied as there was only one occurrence"). Because "an insurer's breach of the implied covenant of good faith and fair dealing is established if an insurer fails to properly investigate an insured's claim[,]" such an allegation appears to be sufficient to survive a motion to dismiss. *Boblos's Inc. v. Burlington Ins. Co.*, No. CIVS-07-894, 2007 WL 3165535, at *3 (E.D. Cal. Oct. 25, 2007) (denying motion to dismiss where Plaintiff's claim for bad faith was premised on Defendant's failure to timely and properly investigate and defend the underlying action); *Progressive W. Ins. Co. v. Dallo*, No. 07CV1003, 2008 WL 11337361, at *6 (S.D. Cal. Sept. 10, 2008) (allegation that "Progressive's investigation was unreasonable because the company failed to take statements from the insured parties or wait for answers to questions it had previously posed" was sufficient for tortious breach of the covenant of good faith and fair dealing). In sum, taking all Plaintiff's allegations together, including the allegations concerning the scope of the policy coverage and the nature of the underlying lawsuits, the Court can infer that denial of coverage may have been unreasonable as necessary to state a claim for breach of the covenant of good faith.

The Court also considers these allegations against the backdrop that "[t]he reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002); *Chateau Chamberay Homeowners Ass'n*, 90 Cal. App. 4th at 346 ("While the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence."). Additionally, because insurance contracts are unique in nature and purpose, insurers have special implied duties of good faith that are enforceable in tort: "an insurer must investigate claims thoroughly; it may not deny coverage based on either unduly restrictive policy interpretations or

standards known to be improper; it may not unreasonably delay in processing or paying claims." *Love*, 221 Cal. App. 3d at 1148 (citations omitted); *Ovitz v. Chartis Prop. Cas. Co.*, 2015 WL 12746209, at *3 ("A complete catalogue of types of bad faith is impossible, but" Courts have recognized certain conduct to constitute bad faith, including "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.") (quoting *R. J. Kuhl Corp. v. Sullivan*, 13 Cal. App. 4th 1589, 1602 (1993)). The details concerning the type of conduct that may ultimately support a finding of bad faith appear to involve a fact specific inquiry given the unique circumstances of each case. Whether there is *evidence* to support the allegations that Tokio acted unreasonably by failing to properly investigate claims before denial, or by other bad faith conduct, is a question better suited for summary judgment. *See Mortazavi*, 2014 WL 940328, at *4 ("The truth of these allegations is a question of fact inappropriate for resolution on a motion to dismiss."). At present, Plaintiff has sufficiently pled facts for the Court to infer that Defendant's denial of coverage was unreasonable given the terms of the policy and the nature of the claims asserted.

While Defendant is correct that there are no factual details on why coverage was denied or what, if any, investigation was conducted before coverage was denied, such details are not required if Plaintiff has otherwise alleged facts which allow the Court to infer a breach of the implied covenant of good faith and fair dealing. The details of the dispute are matters for another day. Plaintiff's allegations meet Rule 8(a) requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.

Accordingly, the Court DENIES Defendant's motion to dismiss the second cause of action for breach of the implied covenant of good faith and fair dealing.

**B.** **<u>Punitive Damages</u>**

As part of Plaintiff's second cause of action, Fresno alleges that Tokio's conduct was "done with

fraud, malice, and oppression as defined in California Civil Code § 3294" and requests punitive damages in its prayer for relief. ECF No. 1 at 13-14.

Defendant moves to dismiss Plaintiff's request for punitive damages, arguing that Fresno has not alleged sufficient factual content to state a plausible claim for punitive damages. ECF No. 5 at 16-19. First, Defendant argues that because the complaint has not alleged facts to support a claim for a tortious breach of the implied covenant of good faith and fair dealing, there is no basis for a punitive damage claim since the remaining breach of contract claim cannot support a claim for punitive damages. *Id.* at 17.[6] Second, the Defendant argues that the Complaint has failed to allege facts that Tokio acted with "oppression, fraud, or malice" under California Civil Code § 3294(a). *Id.* In opposition, Plaintiff argues that it has alleged "that TOKIO denied its claims without conducting any meaningful investigation, and that further TOKIO's investigation of the facts and circumstances of the outstanding claims was insufficient, incomplete and biased, and performed with the deliberate design and intent to consider only those facts, or interpretation of said facts, in an attempt to justify its wrongful and improper denial of coverage." ECF No. 7 at 13 (citing Compl. ¶¶ 9, 11). Plaintiff additionally argues that Tokio denied coverage with the understanding that it would cause harm to Fresno but did so in its own self-interest of saving money and avoiding the responsibility it knew it owed to Fresno. ECF No. 7 at 14 (citing Compl. ¶¶ 10, 25(d), 26). Fresno contends that these allegations are sufficient for punitive damages.

California Civil Code § 3294 ("§ 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard

---

[6] This argument fails in light of the Court's denial of the motion to dismiss the second cause of action.

12

of the rights and safety of others." Cal. Code Civ. Proc. § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights" Cal. Code Civ. Proc. § 3294(c)(2). "Fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Code Civ. Proc. § 3294(c)(3).

As a preliminary matter, Plaintiff raises the issue of what the appropriate pleading standard for punitive damages is and points to some cases that have held that a plaintiff's request for punitive damages may rely upon entirely unsupported and conclusory averments of malice or fraudulent intent.[7] However,

---

[7] Specifically, Plaintiff cites to cases that have found "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015) (quoting *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000); *see also Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-CV-00861, 2015 WL 5436784, at *11 (E.D. Cal. Sept. 15, 2015) (*quoting Rees*, 308 F.R.D. at 273). These cases deal with denying a Rule 12(f) motion to strike punitive damages and rely mainly on a pre-*Twombly* and *Iqbal* case in making this finding. As this Court has previously indicated, *see Scalia v. County of Kern*, 308 F. Supp. 3d 1064, 1089 (E.D. Cal. 2018), the Ninth Circuit has held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010). District courts in this Circuit have extended *Whittlestone* to include the general proposition that a prayer for relief is not appropriately stricken pursuant to Rule 12(f). *Perez v. Leprino Foods Co.*, No. 1:17-CV-00686, 2018 WL 1426561, at *2 (E.D. Cal. Mar. 22, 2018); *see also Oushana v. Lowe's Companies, Inc.*, No. 1:16-CV-01782, 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017) ("Rule 12(f) may not be used to strike a request for punitive damages. The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6).") The Court also notes that while both parties have termed the request for punitive damages as a "claim" it is not clear whether it constitutes a claim for Rule 12(b)(6) purposes. *See Elias v. Navasartian*, No. 115CV01567, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017), *report and recommendation adopted*, No. 115CV01567, 2017 WL 977793 (E.D. Cal. Mar. 13, 2017) ("Recent court decisions have held that because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim."); *Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013). Here, Defendant is challenging the sufficiency of the allegations which support the request for punitive damages under § 3294 which is more akin to the standards applicable under Rule 12(b)(6) even though punitive damages here are not a claim but a request for a particular form of relief.

13

Plaintiff goes on to argue that "no matter which federal pleading standard is selected, the CITY's claim for punitive damages alleged is sufficient." ECF No. 7 at 11. A federal court sitting in diversity applies the substantive law of the forum state, but applies procedural rules as stated in the Federal Rules of Civil Procedure. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Pleading standards are procedural and therefore the Court concludes that the application of federal pleading standards as set forth in *Twombly* and *Iqbal* is applicable to evaluating dismissal of punitive damages under Rule 12(b)(6). *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) ("The court concludes that the application of the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court.").[8]

The Court agrees with Plaintiff that even under the *Twombly-Iqbal* pleading standard, Plaintiff has sufficiently alleged facts for punitive damages at this stage of the proceedings. Plaintiff has sufficiently alleged facts to state a claim for breach of the implied covenant, which requires pleading unreasonable or bad faith conduct. *See Freedom Transp., Inc. v. Travelers Companies, Inc.*, No. EDCV16213, 2016 WL 7507755, at *7 (C.D. Cal. Aug. 11, 2016) ("Plaintiff has now substantiated its allegations of malice and oppression with a factual basis: namely that Travelers employees . . . purposefully ignored evidence, made knowingly false representations and concealed facts, acted in a conscious disregard of Plaintiff's rights, and deliberately intended to oppress."). Punitive damages may be available under § 3294 if Plaintiff is successful in proving Defendant acted in bad faith such that its

---

Nonetheless, the Court addresses the sufficiency of the allegations supporting the request, because that is the approach most logically suggested by *Whittlestone*.

[8] The Court finds no justification for applying a varied pleading standard to requests for punitive damages. *Id.* ("Although some courts in this circuit have expressed some reservation in applying the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages, this court can see no basis for such reservation.") (citation omitted).

14

conduct amounted to oppression or malice. Defendant is correct that bad faith for breach of the covenant of good faith may not be sufficient to show oppressive or malicious conduct to warrant punitive damages. *See GBTI, Inc. v. Ins. Co. of Pennsylvania*, No. CV F 09-1173, 2009 WL 2365409, at *7 (E.D. Cal. July 29, 2009) ("Although a bad faith refusal to defend may constitute a breach of the implied covenant . . . , bad faith does not necessarily indicate the presence of malice, oppression or fraud.") (quoting *Tibbs v. Great American Ins. Co.,* 755 F.2d 1370, 1375 (9th Cir. 1985)). Nonetheless, "[t]he same evidence is relevant both to the finding of bad faith and the imposition of punitive damages," even if "[t]he conduct required to award punitive damages for the tortious breach of contract . . . is of a different dimension [than that required to find bad faith]." *Shade Foods, Inc. v. Innovative Prod. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 890 (2000) (internal citation and quotations omitted), *as modified on denial of reh'g* (Mar. 29, 2000). A biased investigation may or may not demonstrate malice or oppressive conduct. Because the same evidence is relevant for bad faith and the imposition of punitive damages, it makes little sense to dismiss the request for punitive damages before discovery is conducted where the breach of implied covenant claim survives dismissal. *See, e.g.*, *Johnston v. Allstate Ins. Co.*, No. 13-CV-574, 2013 WL 2285361, at *5 (S.D. Cal. May 23, 2013) (noting California Supreme Court has recognized that an insured may recover punitive damages resulting from insurer's bad faith conduct if there has been oppression, fraud, or malice by the insurer) (citing *Cates Constr., Inc. v. Talbot Partners,* 21 Cal. 4th 28 (1999)). The allegations which support Plaintiff's claim for breach of the covenant of good faith and fair dealing, also include sufficiently alleged facts to allow the Court to infer that Plaintiff may be entitled to recover punitive damages.[9]

---

[9] The Court is mindful that Plaintiff's ultimate burden to recover punitive damages is high. *Henderson v. Security National Bank,* 72 Cal. App. 3d 764, 771 (1977) (punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases); *Shade Foods, Inc.*, 78 Cal. App. 4th at 890 ("the evidence in support of the award of punitive damages must satisfy a distinct and far more stringent standard [than for tortious breach of contract]."). Whether Plaintiff can meet this high bar is a question for another day since the allegations are sufficient to survive the pleading stage.

15

Accordingly, the Court declines to bar Plaintiff's request for punitive damages at this stage of the litigation and DENIES Defendant's motion to dismiss Plaintiff's request for punitive damages.

### VI. **CONCLUSION AND ORDER**

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

    Dated: __**July 31, 2018**__            __**/s/ Lawrence J. O'Neill**__
                                                      UNITED STATES CHIEF DISTRICT JUDGE